IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                              Case No. 4:16-cr-00049-4 KGB

CODY MOSES                                                                              DEFENDANT

## ORDER

Before the Court is defendant Cody Moses's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 622). The government responded in opposition (Dkt. No. 625). Also pending is Mr. Moses' motion for appointment of counsel, filed along with his reply to the government's response in opposition to this motion for compassionate release (Dkt. No. 626). For the following reasons, the Court denies Mr. Moses's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and his motion for appointment of counsel (Dkt. Nos. 622, 626).

**I.     Background**

On or about June 9, 2017, Mr. Moses pled guilty to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 (Dkt. Nos. 309–311). The Court sentenced Mr. Moses in October 2017 to 149 months of imprisonment in the Bureau of Prisons ("BOP") to be followed by five years of supervised release (Dkt. Nos. 320–324). Mr. Moses did not appeal his sentence.

In the pending motion, Mr. Moses states that he should be granted compassionate release because he is rehabilitated and continuing to work hard to change his ways while incarcerated; his son's mother died, and his son's grandparents are now raising his son; Mr. Moses's own grandmother is in bad health and being cared for by Mr. Moses's grandfather and Mr. Moses's sister; and Mr. Moses's sister has lost employment due to these unfortunate family circumstances

(Dkt. No. 622). Mr. Moses submitted a request for compassionate release to the warden of the facility where he is serving his sentence, and the warden denied his request (*Id.*). The government argues that compassionate release is not warranted in this case (Dkt. No. 625).

## II. Discussion

This Court's ability to modify a sentence, once the sentence has been imposed, is governed by 18 U.S.C. § 3582(c), which provides that the Court may not modify a term of imprisonment once it has been imposed except that:

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of

>imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). With these statutory provisions in mind, the Court turns to examine the arguments advanced by Mr. Moses.

### A. Relief Under The CARES Act

This Court has received release requests during the current pandemic that reference the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and that reference what is often referred to as the "compassionate release" provision set forth in 18 U.S.C. § 3582(c)(1)(A). Mr. Moses seeks compassionate release. As a result, the Court addresses that argument in this Order.

Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). *See* CARES Act, Pub. L. No. 116-136, § 12003, 134 Stat. 281, 515–17 (2020). The CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the BOP. *See id.*; *accord* 18 U.S.C. § 3624(c)(2). Courts therefore do not have power to grant relief under Section 12003 of the CARES Act. To the extent Mr. Moses seeks relief from this Court under the CARES Act, the Court denies his motion.

### B. Compassionate Release

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Once a district court has pronounced sentence and the sentence becomes final, the district court may only reconsider or alter the sentence pursuant to statutory authority. *See United States v.*

*Addonizio,* 442 U.S. 178, 189–90 (1979).  The compassionate release provision permits a district court to modify a term of imprisonment after it is imposed.  *See* 18 U.S.C. § 3582(c)(1)(A).

Until passage of the First Step Act, under the then-governing statute, only the BOP could seek from a district court compassionate release on behalf of an incarcerated federal defendant for extraordinary and compelling reasons.  The First Step Act amended the statute to authorize defendants to seek compassionate release on their own behalf, provided that the defendant first asks the BOP to do so and exhausts administrative appeals following denial of this request by the BOP.  *See* 18 U.S.C. § 3582(c)(1).  Specifically, an inmate may seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. § 3582(c)(1)(A).  The BOP may oppose a defendant's motion for compassionate release.  The statute authorizes the district court to grant compassionate release, over the BOP's objection, under certain circumstances.

Although the First Step Act does not define the phrase "extraordinary and compelling," it defers to the United States Sentencing Guidelines, which does set out examples.  The Court acknowledges that this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n.1.  The examples are:  (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) the defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family

4

circumstances include either "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.*

In the Court's assessment, Mr. Moses meets neither the minimum age requirement nor the served-time requirement under the Guideline. There also is no indication in the record evidence that Mr. Moses's son is not being cared for properly by the son's grandparents, such that Mr. Moses would be the only available caretaker. Likewise, there is no indication in the record evidence that Mr. Moses's grandmother is not being cared for properly by other family members.

The Court recognizes Mr. Moses's circumstances and concerns. The Court understands and appreciates Mr. Moses's desire to be released to support and take care of his family. Mr. Moses has served a number of years on his federal sentence. However, the Court determines that, on the record presented, Mr. Moses does not satisfy the requirements for establishing extraordinary or compelling reasons for release. Each criminal defendant who appears before the Court puts his or her family through hardship as a result of criminal conduct; this circumstance unfortunately is not unique to Mr. Moses. His circumstances and concerns, taken alone or together, do not present "extraordinary and compelling" reasons for release.

Even if Mr. Moses could establish extraordinary and compelling reasons, the Court would deny his request for compassionate release based on consideration of the 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a) factors, all of which the Court has considered. The government argues that Mr. Moses poses a danger to the community if he were to be released and cannot satisfy the 18 U.S.C. § 3553(a) factors this Court is to consider.

Mr. Moses pled guilty to an offense involving drugs. Further, Mr. Moses has an extensive criminal history that was taken in account in the sentence the Court imposed. Mr. Moses was under a criminal justice sentence for a different offense at the time he committed the instant offense of conviction. Based on these events, when given the opportunity to do so in the past, Mr. Moses has failed to conform his conduct to what the law requires. During his early incarceration, Mr. Moses also had incidents involving violations of facility rules resulting in discipline. The Court understands and appreciates that, as Mr. Moses asserts, those incidents occurred in the past and that Mr. Moses has remained incident and disciplinary free for some period while in custody. Further, the Court acknowledges and is thankful for Mr. Moses' efforts to aid his fellow inmates. The Court understands that Mr. Moses has taken steps toward rehabilitation, has a release plan, intends to support his family, and intends to be a productive member of society going forward. The Court commends him for all of these, but based on the record before the Court and for the reasons explained, the Court denies his motion for compassionate release at this time. *See* 18 U.S.C. §§ 3142(g)(1), (4); 18 U.S.C. §§ 3553(a)(1), (2)(c).

### III.   Conclusion

Based on the findings of fact and conclusions of law above, the Court denies Mr. Moses's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. No. 622).

It is so ordered this 12th day of July, 2022.

_____
Kristine G Baker
United States District Judge